FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 03 2010
P.M. _____
TIME A.M. _____

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
STANLEY HICKMAN,

                        Petitioner,

            - against -

WARDEN D. TERRELL et. al.,

                        Respondents.

-------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 1082 (BMC)

**COGAN**, District Judge.

Petitioner *pro se* files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner commenced this action on March 8, 2010, to challenge the Bureau of Prisons' ("BOP") calculation of his sentence. He argues that his sentence should be reduced by 18 months, from 255 months to 237 months, for the time he spent in state custody between the date his original federal sentence was imposed and the date he was transferred from state custody into federal custody.

On August 5, 1994, petitioner was convicted in the United States District Court for the Eastern District of North Carolina on charges of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841, and Use of a Communication Facility in Aid of Racketeering in violation of 18 U.S.C. § 1952. On October 31, 1994, he was sentenced to a term of life imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine

Base and a term of life imprisonment for Possession with Intent to Distribute Cocaine Base. He was also sentenced to a five-year term of imprisonment for Use of a Communication Facility in Aid of Racketeering. All three sentences were to be served concurrently. At the time, petitioner was already in state custody serving a ten-year sentence for a prior conviction of cocaine trafficking.

On March 6, 2001, after serving more than six years of his state sentence, petitioner was re-sentenced in federal court. His sentence was reduced because the court determined that his offense level was 38, with a sentencing range of 292-365 months imprisonment. In the court's order, Judge Boyle granted petitioner credit for the time served for his 1991 state sentence. As a result, he was re-sentenced to 292 months minus 37 months already served in state custody. In addition, the court ordered that petitioner be given credit for the "time served between the date of the federal sentence (October 31, 1994) until the date of his release from the Bureau of Prisons ("BOP") (June 14, 1996)."[1] Thus, Judge Boyle sentenced petitioner to 255 months (292 months minus 37 months) beginning on October 31, 1994. On November 12, 2009, the BOP denied petitioner's appeal to reduce his sentence from 255 months, an additional 18 months (October 31, 1994 to June 14, 1996), to 237 months.

## DISCUSSION

Title 28, section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The section provides a mechanism by which a federal prisoner may challenge the execution of his sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and

---

[1] Respondent states this as an 18-month time period. Petitioner's request to the BOP asks for a 20-month credit. However, in his brief he requests an 18 month credit. The actual time period is 19.5 months.

prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[2] Rumsfeld v. Padilla, 542 U.S. 426, 446-47, 124 S. Ct. 2711 (2004). Petitioner's request for relief regarding the execution of his sentence is therefore properly filed in this Court, as this Court has jurisdiction over his custodian, the warden of the MDC.

Petitioner's request is denied because he has incorrectly calculated his sentence. Petitioner believes that he has not been credited for the 18-month period of time that he served from October 31, 1994 through June 14, 1996 during which he was awaiting a transfer to federal custody. But he has been credited. Exhibit D2, petitioner's sentence monitoring computation form that was submitted along with his petition demonstrates this. The document states that petitioner was sentenced to a term of 255-months starting on October 31, 1994. Therefore, petitioner is being credited for the 18-month period of time he served from October 31, 1994 to June 14, 1996. This is why the BOP denied his appeal to reduce his sentence. It is also the reason why this Court can provide no further relief. Since petitioner has already obtained the 18-month credit toward his sentence it cannot be granted again. See United States v. Koontz, No. 01-CR-41, 2006 WL 1510143, at *1 (N.D.N.Y. May 31, 2006) (petitioner not entitled to credit on his federal sentence because he already received credit for time served in state custody).

---

[2] Petitioner is currently incarcerated at FCI Fort Dix in New Jersey. At the time he filed this habeas § 2241 petition he was incarcerated at the Metropolitan Detention Center in Brooklyn, NY. Thus, petitioner properly brings this claim in the Eastern District of New York. See Rumsfeld, 542 U.S. at 426.

## CONCLUSION

For the reasons set forth above, petitioner's application for a writ of habeas corpus is denied, and the petition dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
August 2, 2010